

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:13CR13

TONY LEE JONES, JR.

## MEMORANDUM OPINION

Tony Lee Jones, Jr., a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 41).[1] Jones contends that the Court committed several errors and that counsel rendered ineffective assistance[2] in conjunction with his criminal proceedings. Specifically, Jones demands relief because:

> Claim One: "Indictment does not profess to set out the exact recital of the laboratory quantity actually found by lab reports." (§ 2255 Mot. 4.)

> Claim Two: "The Court erred in finding that as a matter of law that the [Virginia] statute § 18.2-248 qualified as a predicate for [United States Sentencing Guidelines §§] 4B1.1 & (2)." (Id. at 5.)

---

[1] The Court employs the pagination assigned to Jones's submissions by the CM/ECF docketing system. The Court corrects the spelling capitalization, and punctuation in quotations from Jones's submissions. The Court also omits unnecessary brackets in quotations from Jones's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim Three:    "The Court procedurally erred when it applied the additional 2 points for a firearm possessed." (<u>Id.</u> at 6.)

Claim Four:     "The Government has failed to present competent evidence that would justify the 2-level enhancement." (<u>Id.</u> at 8.)

Claim Five:     "Counsel was ineffective at numerous critical stages of the criminal proceeding." (Mem. Supp. § 2255 Mot. 14.)

Claim Six:      "Counsel was ineffective for failing to know the federal local rules and federal procedures on numerous occasions, rendering him constitutionally defective." (<u>Id.</u> at 17.)

Claim Seven:    "Counsel was ineffective for failing to adequately prepare, thus forcing the petitioner to accept a plea involuntarily." (<u>Id.</u> at 19.)

Claim Eight:    "Counsel was ineffective for failing to inform the petitioner of a more favorable plea agreement, thus violating <u>Missouri v. Frye</u>[, 132 S. Ct. 1399 (2012)] and <u>Lafler v. Cooper</u>[,132 S. Ct. 1376 (2012)]." (<u>Id.</u> at 20.)

Claim Nine:     "The conviction itself is based upon an illegal search and seizure of person and the 4th Amendment, thus causing Mr. Jones to become wrongfully convicted." (<u>Id.</u> at 21.)

The Government has responded, asserting that Jones's claims lack merit. (ECF No. 46.)  Jones has filed a Reply. (ECF No. 48.) Jones has also filed a "Motion to Supplement/Amend § 2255 With New Supreme Court Case Supporting the Petitioner's Position," ("Motion to Amend," ECF No. 55).  Because the Motion to Amend

2

provides additional argument and support for Claim One, the Court will grant the Motion to Amend (ECF No. 55). For the reasons set forth below, Jones's § 2255 Motion (ECF No. 41) will be denied.

## I.  PROCEDURAL HISTORY

On January 8, 2013, a grand jury charged Jones, in a one-count Indictment, with possession with the intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base. (Indictment 1, ECF No. 1.) On January 25, 2013, Lee Kilduff entered a Notice of Appearance on Jones's behalf. (ECF No. 5.)

On April 2, 2013, Brent Jackson filed a Motion to Substitute Attorney and Motion to Continue in Jones's case. (ECF Nos. 15, 16.) By Order entered on April 3, 2016, the Court denied the Motions without prejudice. (ECF No. 17, at 1-2.) The Court denied the Motion to Substitute Attorney "for failing to comply with the Local Criminal Rules," (id. at 1), and denied the Motion to Continue "as it was not filed by the defendant's counsel of record" (id. at 2).

On April 3, 2013, Jones filed a Motion to Suppress. (ECF No. 18.) On April 5, 2013, Jackson filed a Motion for Leave to File Amended Motion to Substitute Attorney, as well as an

Amended Motion to Substitute Attorney. (ECF No. 21.) By Order entered on April 5, 2013, the Court granted the Motions and relieved Lee Kilduff as counsel of record. (ECF No. 22, at 1.)

On April 18, 2013, Jones filed a Motion to Withdraw Suppression Motion. (ECF No. 24.) In the Motion, counsel represented that Jones "decided, on his own, that it was in his best interest to withdraw the pending Motion to Suppress." (Id. at 1.) By Order entered that same day, the Court granted the Motion to Withdraw Suppression Motion. (ECF No. 25, at 1.)

On May 6, 2013, Jones appeared before the Court and pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 27.) During his Rule 11 proceedings, Jones confirmed his understanding of the charge and the penalties for the charge. (May 6, 2013 Tr. 4, ECF No. 44.) Jones indicated that he was satisfied with the representation Brent Jackson had provided in his case. (May 6, 2013 Tr. 8.) When asked by the Court if he needed additional time to talk to Jackson about his case, Jones responded in the negative. (May 6, 2013 Tr. 8.) Jones understood that the Court would consider the applicable sentencing guidelines, including whether Jones qualified as a career offender, in determining his sentence. (May 6, 2013 Tr. 11-14.) At the conclusion of the Rule 11 proceedings, the Court accepted Jones's guilty plea, finding that Jones had "entered a

4

knowing and voluntary plea of guilty which is supported by an independent basis in fact." (May 6, 2013 Tr. 19.)

On August 2, 2013, the Court entered judgment against Jones and sentenced him to 188 months of imprisonment. (J. 2, ECF No. 39.) Jones did not appeal.

## II. CLAIMS RAISING TRIAL COURT ERROR

### A. Claim One

In Claim One, Jones contends that the "Indictment does not profess to set out the exact recital of the laboratory quantity actually found by lab reports." (§ 2255 Mot. 4.) Jones was charged with possession with the intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base. (Indictment 1.) The substance, which had a net weight of 39.9 grams, was tested and found to contain 10.6 grams of the actual drug. (Mem. Supp. § 2255 Mot. Ex. A, ECF No. 42-1; Gov't's Resp. Ex. 4, ECF No. 46-4.)

Jones now argues that he should have only been charged with possession with the intent to distribute 10.6 grams of cocaine base. (Mem. Supp. § 2255 Mot. 2.) Jones, however, is mistaken. "[I]n order to determine whether a mixed substance qualifies as a particular type of drug, only trace amounts of the controlled substance need be present in that mixture." United States v.

5

Keith, 16 F. App'x 84, 85 (4th Cir. 2001) (citing 21 U.S.C. § 812(c) sched. II(a)(4) (West 1981 & Supp. 1999)). Thus, because the substance upon which the Indictment was based had a net weight of 39.9 grams, Jones was properly charged with possession with the intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base. Claim One will be dismissed.

B. Claim Two

In Claim Two, Jones alleges that "[t]he Court erred in finding that as a matter of law that [Virginia] statute § 18.2-248 qualified as a predicate for [USSG §] 4B1.1 & 2." (§ 2255 Mot. 5.) Specifically, Jones argues that his two prior convictions under section 18.2-248 of the Virginia Code were improperly counted to erroneously qualify him as a career offender.

On February 10, 1997, Jones was convicted of Possession of Cocaine with Intent to Distribute, in violation of Virginia Code § 18.2-248. (July 31, 2013 Pre-Sentence Investigation Report ("PSR") ¶ 30, ECF No. 36.) He was sentenced to 20 years of incarceration, with 19 years suspended. (Id.) On January 22, 2013, Jones was again convicted of Possession of Cocaine with Intent to Distribute, in violation of Virginia Code § 18.2-248. (Id. ¶ 35.) He was sentenced to 30 years of incarceration, with

6

29 years suspended. (Id.) On November 21, 2003, Jones was convicted of three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841. (Id. ¶ 37.) He was sentenced to 98 months of imprisonment on each count, to run concurrently. (Id.)

Before sentencing, the Probation Officer concluded that Jones qualified as a career offender, stating:

> The defendant qualifies for a sentence enhancement under the Career Offender sections, as defined in Chapter 4, Part B, of the Sentencing Guidelines. Mr. Jones was at least 18 years old at the time he committed the instant offense of conviction; the instant offense of conviction is a felony that is a controlled substance offense; and the defendant has three prior felony convictions of controlled substance offenses (1997 and 2003-Possession of Cocaine with Intent to Distribute; and 2004-Distribution of Cocaine Base).

(Id. ¶ 58.)

Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2013) ("USSG"). A "controlled substance offense" refers to

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id. § 4B1.2(b). A prior felony conviction includes "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id. app. n.1.

Section 18.2-248 of the Virginia Code states that "[e]xcept as authorized in the Drug Control Act (§ 54.1-3400 et seq.), it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va. Code Ann. § 18.2-248)(A) (West 2016). A conviction for possession with the intent to distribute cocaine under this statute is punishable by "not less than five nor more than 40 years." Id. § 18.2-248(C).

Under USSG § 4B1.2(b), Jones's prior convictions under section 18.2-248 of the Virginia Code for Possession of Cocaine with Intent to Distribute involved "the possession of a controlled substance . . . with intent to . . . distribute

8

. . . ." USSG § 4B1.2(b). Moreover, both qualified as prior felony convictions, as they were "conviction[s] for . . . offense[s] punishable by . . . imprisonment for a term exceeding one year . . . ." Id. app. n.1. Therefore, the Probation Officer properly counted these convictions as predicate offenses for purposes of the career offender determination. Jones's contrary argument lacks merit, and Claim Two will be dismissed.

        C.   **Claims Three and Four**

    In Claim Three, Jones contends that "[t]he Court procedurally erred when it applied the additional 2 points for a firearm possessed." (§ 2255 Mot. 6.) In Claim Four, Jones contends that "[t]he Government has failed to present competent evidence that would justify the 2-level enhancement." (Id. at 8.) Because Claims Three and Four both concern the same sentencing enhancement, the Court will consider them together.

    Prior to sentencing, the Probation Officer determined that Jones should receive a two-point sentencing enhancement for possession of a firearm pursuant to § 2D1.1(b)(1) of the United Sates Sentencing Guidelines. (June 27, 2013 PSR ¶ 19, ECF No. 30.) Jones, through counsel Brent Jackson, filed an objection to the enhancement. (ECF No. 33, at 2-4.) Jones asserted that "[t]he Government ha[d] not shown any evidence, whether circumstantial or direct to counter the contention that

said weapon belonged to another." (Id. at 4.) Subsequently, counsel for the parties and the Probation Officer had a conference call, during which "[t]he parties agreed that it was proper to remove the enhancement." (Gov't's Resp. 3.) Accordingly, on July 31, 2013, the Probation Officer filed a new PSR that omitted mention of a two-point enhancement under § 2D1.1(b)(1). (See generally July 31, 2013 PSR.) At Jones's sentencing hearing, counsel for the Government explicitly indicated that "an addendum has been filed taking away the two-level enhancement for the firearm." (Aug. 1, 2013 Tr. 3.) Because Jones never received this enhancement, Claims Three and Four lack merit and will be dismissed.[3]

### III. CLAIMS RAISING INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient

---

[3] In his Reply, Jones contends that the copy of his PSR that was provided to the Bureau of Prisons ("BOP") "is still reflecting the 2 level enhancement . . . ." (Reply 8.) Jones requests that the Court "issue a fully revised PSR that removes any mentioning of a firearm from his report and issue a copy to the BOP and the notice of change to Jones." (Id.) To the extent that Jones suggests that the BOP did not receive the latest version of his PSR, the Court advises Jones that he may utilize this Memorandum Opinion in conjunction with any administrative remedies he may have through the BOP to ensure that the BOP receives an accurate reflection of the circumstances upon which his sentence was based.

performance prejudiced the defense.   Strickland v. Washington, 466 U.S. 668, 687 (1984).   To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).   The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   Strickland, 466 U.S. at 694.   In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.   Id. at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   Hill v. Lockhart, 474 U.S. 52, 59 (1985).   Of course, in conducting the foregoing inquiry, the representations of the convicted

defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. No circumstances exist here that would lead the Court to consider Jones's prior sworn statements as other than truthful.

### A.   Claim Five

In   Claim   Five,   Jones   alleges   that   "[c]ounsel   was ineffective   at   numerous   critical   stages   of   the   criminal proceeding."   (Mem. Supp. § 2255 Mot. 14.)   Jones cites to four occasions where he believes he was denied effective assistance of counsel.   The Court considers each in turn below.

Jones first claims that counsel went on vacation instead of being   present   during   Jones's   interview   with   the   Probation Officer   so   that   the   Probation   Officer   could   prepare   the   PSR. (Id.)   However, the PSR reflects that the "presentence interview [was]   conducted   in   the   presence   of   Adrian   Kammerer   Curry, Esquire,   on   behalf   of   counsel-of-record,   Brent   Jackson."   (July 31, 2013 PSR ¶ 24.)   In his Reply, Jones contends that Jackson was   ineffective   for   "sending . . . his   co-worker   in   his   place and then presume[ing] the same appropriate counseling advice and positions   would   be   given . . . ."   (Reply 9.)   Jones, however, has   alleged   no   facts   to   suggest   that   Ms.   Curry   rendered ineffective   assistance,   or   that   her   presence—and   Jackson's absence—prejudiced Jones's defense in any way.

Jones   next   alleges   that   Jackson's   absence   during   the presentence   interview   "cost   [him]   the   extra   point   for responsibility."   (Mem. Supp. § 2255 Mot. 14.)   This claim is simply belied by the record.   In the PSR, the Probation Officer

13

stated: "The defendant appears to have accepted personal responsibility for his wrongdoing. As such, a two-level reduction, pursuant to U.S.S.G. § 3E.1.1(a), has been included in the calculation of the advisory sentencing guidelines. The government has indicated that an additional one-level reduction, pursuant to U.S.S.G. § 3E.1(b), is warranted." (July 31, 2013 PSR ¶ 25.) With the three-level reduction for acceptance of responsibility, the Probation Officer calculated Jones's guidelines range to be 188-235 months of incarceration. (Id. Wksht. D, at 1.) Thus, the record is clear that Jackson's absence at the presentence interview did not cause Jones to lose any points for acceptance of responsibility.

Third, Jones contends that counsel failed to object to the Probation Officer's determination that a two-level enhancement should apply pursuant to USSG § 2D1.1(b)(1) for possession of a firearm. (Mem. Supp. § 2255 Mot. 14.) As the Court previously discussed, however, counsel did object to the enhancement, and the parties subsequently agreed that the enhancement should not apply. See supra Part II. Thus, counsel did not render ineffective assistance in this regard.

Finally, Jones claims that counsel was ineffective for failing to object to the Probation Officer's determination that Jones was a career offender. (Mem. Supp. § 2255 Mot. 14-15.)

14

However, the Court has previously determined that Jones's challenge to the predicate offenses used to determine that he was a career offender is meritless. See supra Part II. Counsel cannot be ineffective for failing to raise a meritless argument. See United States v. Moore, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Jones has not demonstrated deficient performance or resulting prejudice from any of these specific occasions, Claim Five will be dismissed.

### B. Claim Six

In Claim Six, Jones contends that "[c]ounsel was ineffective for failing to know the federal local rules and federal procedures on numerous occasions, rendering him constitutionally defective." (Mem. Supp. § 2255 Mot. 17.) Specifically, Jones asserts that "not only did [Jackson] do the erroneous filings but also rendered erroneous advice when he sent his assistant/secretary to get Mr. Jones to withdraw his Motion to Suppress . . . ." (Id.) Given that Jones's argument with respect to counsel's performance regarding the Motion to Suppress is similar to argument he raises in Claim Nine, the Court addresses that argument infra in Part IV.

Jones takes issue with the Motion to Substitute Attorney and Motion to Continue that Jackson filed on April 2, 2013. In the Motion to Substitute Attorney, Jackson requested that the

15

Court "relieve John B. Mann, Esquire of his responsibilities as counsels [sic] for the Defendant and to substitute Brent A. Jackson, Esquire . . . in his stead . . . ." (ECF No. 15, at 1.)   In the Motion to Continue, Jackson requested a continuance "to allow him adequate time to review and prepare for Defendant's sentencing date." (ECF No. 16, at 1.)

By Order entered on April 3, 2013, the Court denied the Motions without prejudice. (ECF No. 17, at 1-2.) Specifically, the Court denied the Motion to Substitute Counsel because "Mr. Jackson ha[d] not served the defendant with this motion, as required by Local Criminal Rule 57.4(G) . . . ." (Id. at 1.) The Court denied the Motion to Continue because "it was not filed by the defendant's counsel of record." (Id. at 2.) The Court also noted that the Motion to Continue "appear[ed] to reflect the erroneous belief that this case is currently set for sentencing on April 15, 2013 while . . . the defendant has elected to proceed in his plea of not guilty and the April 15, 2013 hearing is set for argument on the defendant's proposed motion to suppress." (Id. at 1-2.)

Jones now asserts that "had counsel known the actual Federal Rules of Criminal Procedure, then he could have rendered adequate legal advice to Mr. Jones, but he did not." (Mem. Supp. § 2255 Mot. 17.)   Jones's conclusory allegation, without

16

any specific examples of how Jackson's advice was inadequate, fails to demonstrate any deficiency of counsel or resulting prejudice. See Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Moreover, Jones does not explain, and the Court cannot discern, how the brief delay surrounding Jackson's appearance in this matter prejudiced Jones in any way. Because Jones has failed to demonstrate deficiency of counsel and resulting prejudice, Claim Six will be dismissed.

### C.   Claim Seven

In Claim Seven, Jones alleges that "[c]ounsel was ineffective for failing to adequately prepare, thus forcing the petitioner to accept a plea involuntarily." (Mem. Supp. § 2255 Mot. 19.) According to Jones, his "sentence & conviction [are] a by-product of an overworked and overloaded counsel who took Mr. Jones['s] money and went on vacation and attempted to try and reconcile his many errors once he returned." (Id.)

As an initial matter, Jones's conclusory allegation, without any concrete examples of how counsel failed to adequately prepare, fails to demonstrate any deficiency of counsel or resulting prejudice. See Sanders, 373 U.S. at 19. Moreover, Jones's claim is belied by the record before the

17

Court.   In his Plea Agreement, Jones indicated that he was "satisfied that [his] attorney ha[d] rendered effective assistance."   (Plea Agreement ¶ 4.)   During the Rule 11 proceedings, Jones agreed that he was satisfied that he and Jackson "ha[d] considered together all the facts and discussed . . . possible defenses that [Jones] might have to the charges." (May 6, 2013 Tr. 8.)   Jones confirmed that he believed that Jackson understood the case as a whole, and confirmed that he was satisfied with Jackson's representation.   (May 6, 2013 Tr. 8.)   When asked by the Court if he needed more time to talk to Jackson about his case, Jones responded in the negative.   (May 6, 2013 Tr. 8.)   Finally, Jones confirmed that Jackson had answered all of his questions and provided advice, and that he had understood the answers and advice that Jackson had provided. (May 6, 2012 Tr. 8-9.)

It is clear from the record that Jones was satisfied with counsel's performance and preparation in his matter.   Jones's statements to the contrary are "palpably incredible" in light of his sworn statements during the Rule 11 proceedings.   Lemaster, 403 F.3d at 222 (citation omitted).   Because Jones has failed to demonstrate deficient performance and resulting prejudice, Claim Seven will be dismissed.

### D.   Claim Eight

In   Claim   Eight,   Jones   claims   that   "[c]ounsel   was ineffective   for   failing   to   inform   the   petitioner   of   a   more favorable   plea   agreement,   thus   violating   Missouri v. Frye[, 132 S.   Ct.   1399   (2012)]   and   Lafler v. Cooper[,   132   S.   Ct.   1376 (2012)]."   (Mem.   Supp.   §   2255   Mot.   20.)   According   to   Jones, "[o]n April 25, 2013, the prosecutor, Angela Miller, at 7:17 pm sent 2 plea agreements, one [of] which would have granted the petitioner a more lenient sentence."   (Id.)

"During   plea   negotiations   defendants   are   'entitled   to   the effective   assistance   of   competent   counsel.'"   Lafler,   132   S.   Ct. at   1384   (quoting   McMann v. Richardson,   397   U.S.   759,   771 (1970)).   As   the   Supreme   Court   has   explained:

> To show prejudice from ineffective assistance of
> counsel where a plea offer has lapsed or been rejected
> because of counsel's deficient performance, defendants
> must demonstrate a reasonable probability they would
> have accepted the earlier plea offer had they been
> afforded effective assistance of counsel.   Defendants
> must also demonstrate a reasonable probability the
> plea would have been entered without the prosecution
> canceling it or the trial court refusing to accept it,
> if they had the authority to exercise that discretion
> under [federal] law.

Frye,   132   S.   Ct.   at   1409.   The   defendant   must   also   show   "that the   conviction   or   sentence,   or   both,   under   the   offer's   terms would   have   been   less   severe   than   under   the   judgment   and   sentence that in fact were imposed."   Lafler, 132 S. Ct. at 1385.

19

Here, counsel for the Government has averred that only "one formal plea offer was made by the United States to counsel for the Petitioner, the terms of which were set forth in an email to counsel for the defendant on April 25, 2013 . . . ." (Gov't's Resp. Ex. 5 ("Miller Aff.") at 1, ECF No. 46-5.) Counsel for the Government attached the following three documents to that email: (1) "Tony Lee Jones Plea Agreement Without Cooperation" (id. Attach.); (2) "Tony Lee Jones Separate Cooperation Agreement" (id.); and, (3) "Tony Lee Jones Revised Statement of Facts" (id.). Counsel for the Government stated, in pertinent part:

> Further to our conversation of today, and to our discussions during the course of the last month, attached please find plea documents in the Tony Lee Jones, Jr. case. I am not sure if he is interested in cooperating, but if he is, I have prepared a separate Cooperation Agreement. If he elects to cooperate, this Agreement will be brought to the Court's attention, but will not be filed with the Clerk of the Court. Rather, one copy will be provided to you, and I will keep the original agreement in the United States Attorney's Office file. If he does not wish to cooperate, that is fine.

(Id.)

Jones appears to misread the April 25, 2013 email. (See Reply Ex. FF (labeling the Plea Agreement as "1" and the separate cooperation agreement as "2").) Jones does not explain, and the Court cannot discern, how the cooperation

agreement equates to a second, more favorable plea agreement. The April 25, 2013 email is clear that Jones could accept the Plea Agreement without electing to cooperate. (Miller Aff. Attach.) Jones has not presented any evidence suggesting that, pursuant to Frye and Lafler, counsel failed to disclose the existence of a second plea agreement that was more favorable to Jones. Instead, the record reflects that only one plea agreement was offered to Jones. Because Jones has failed to demonstrate deficient performance and resulting prejudice, Claim Eight will be dismissed.

## IV.   FOURTH AMENDMENT VIOLATION

In Claim Nine, Jones argues that "[t]he conviction itself is based upon an illegal search and seizure of person and the 4th Amendment, thus causing Mr. Jones to become wrongfully convicted." (Mem. Supp. § 2255 Mot. 21.) However, "[o]nce a litigant is provided a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in the law." United States v. Schulte, No. 99-7667, 2000 WL 1390205, at *1 (4th Cir. Sept. 26, 2000) (citing Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974)). Here, Jones filed a Motion to Suppress,

21

but subsequently decided to have counsel file a motion to withdraw the Motion to Suppress. Given this, Jones cannot now argue that he was not provided a "full and fair opportunity" to litigate a Fourth Amendment claim. Accordingly, Claim Nine will be dismissed.[4]

## V.   CONCLUSION

For the foregoing reasons, Jones's § 2255 Motion (ECF No. 41) will be denied. Jones's Motion to Amend (ECF No. 55) will be granted. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Jones and counsel of record.

It is so ORDERED.

/s/   *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: *November 28, 2016*

---

[4] Jones also asserts an inchoate complaint against counsel with respect to the Motion to Suppress, stating that "if counsel would have allowed the original Motion to Suppress [to] remain on the docket to be heard, the Court could not have accepted a plea to such violations of the Constitution and applicable laws that were based upon illegal tactics." (Mem. Supp. § 2255 Mot. 22-23.) Jones, however, fails to describe with specificity how counsel's performance was deficient with respect to any advice counsel gave prior to Jones's decision to withdraw the Motion to Suppress. Moreover, Jones fails to demonstrate a reasonable probability that his Motion to Suppress would have been granted had he continued to pursue it.