IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:13cr13

TONY LEE JONES, JR.

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's *pro se* Second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 117) and the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 122) filed by defense counsel, the Response in Opposition to Defendant's Second Motion for Compassionate Release (ECF No. 123) and the JOINT STATUS REPORT REGARDING COVID-19 VACCINATION (ECF No. 126). Having considered those documents, the presentence report (ECF No. 85), the character letters filed on behalf of the defendant (ECF No. 125), the response of the Probation Office (ECF No. 127), and the case file, the defendant's *pro se* Second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 117) and the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 122) will be denied.

## BACKGROUND

On May 6, 2013, Tony Lee Jones, Jr. pled guilty to one count of possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Jones acknowledged possessing and attempting to conceal 39.9 grams of cocaine base and being in possession of $3,022.00 in United States currency. Jones was considered to be a Career Offender because of previous drug convictions and was sentenced to serve a term of imprisonment of 188 months to be followed by a five year term of supervised release. Jones is currently incarcerated at FCI Fort Dix, New Jersey which houses 2,783 inmates. Jones' anticipated release date is July 17, 2025.[1]

As the basis for the requested compassionate release, Jones asserts that he has served approximately 50% of his sentence; that he is not a danger to the community; and that he is at increased risk from COVID-19 because he suffers from gastroesophageal reflux disease without esophagitis, gastritis with bleeding, an enlarged prostate, chronic kidney disease, stage 3 (moderate), and colon

---

[1] On May 12, 2020, Jones submitted a request to the Warden at FCI Fort Dix requesting compassionate release, due to the circumstances of the COVID-19 pandemic, and that request was denied on May 18, 2020.
Jones previously filed a motion for compassionate release which was denied on June 9, 2020.

cancer. The medical records reflect that, in July 2019, the colon cancer was removed surgically and that Jones is now testing negative for cancer. They also reflect that his abdominal pain is in remission and that Jones has reported no further difficulty respecting his cancer. From the proffered medical records, it appears that FCI Fort Dix is providing medical treatment for the other medical conditions from which the defendant suffers.

Jones contracted COVID-19 in January 2021, but he was asymptomatic and treated accordingly. JOnes has recovered from the bout with COVID-19 and has since been vaccinated fully, having received both doses (on March 22, 2021 and April 12, 2021, respectively).

The record reflects that FCI Fort Dix houses 2,783 inmates and that 1,808 inmates had contracted and recovered from COVID-19 as have 49 staff members. As of the date of the Government's filing in this matter, 14 inmates and 14 staff members were reported to have COVID-19.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction."

3

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

4

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, ___ F. Supp.3d ___, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

1. **Particularized Susceptibility**

The defendant has established that he suffers from gastroesophageal reflux disease without esophagitis, gastritis with bleeding, an enlarged prostate, chronic kidney disease, stage 3 (moderate), and colon cancer. The colon cancer was surgically removed and no longer appears to be a factor in Jones' medical condition. Nor is it a factor in the particularized susceptibility analysis.

Of the other identified conditions, only kidney disease is listed by the CDC as presenting an increased health risk if COVID-19 is contracted. Thus, Jones has shown a higher susceptibility to COVID-19.

However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement because the identified risk factor conditions must be serious to constitute extraordinary and

5

compelling reasons. It appears from the record that the conditions on which Jones bases his motion, including the kidney disease, are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). In addition, Jones has not established that his medical needs cannot be met while incarcerated and, indeed, the medical records filed herein outline that he receives regular medical care, adjustment of his medications, and testing related to the chronic health issues. Further, Jones has contracted COVID-19, recovered from it, and has now been fully vaccinated so the risk from COVID-19 must be considered slight.

In sum, Jones has not met the particularized susceptibility risk facet of the applicable test.

2. **Particularized Facility Risk**

Nor has Jones met the particularized facility risk component of the appropriate test. His motion cites press releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Fort Dix, the defendant's facility of incarceration, now that the facility has brought the previous episode (in which Jones contracted COVI-19) under control. Further, the record

6

reflects that, at the time of the filing of the Government's papers, FCI Fort Dix had 14 active case of COVID-19 among inmates, 41 active cases of COVID-19 among staff and that over 1,800 inmates (including Jones) previously had contracted, and recovered from, COVID-19. In addition, all inmates who have tested positive are being appropriately treated and isolated in accord with the appropriate CDC guidelines that have been adopted by the Bureau of Prisons. Over 1,400 inmates have received full doses of the COVID-19 vaccine.

On this record, Jones has not met the particularized facility component of the applicable test.

3. **Assessment Under 18 U.S.C. § 3553(a)**

But, even if Jones had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. The defendant argues, in conclusory fashion, that he is not a danger to the community. That, he says, is largely because he is a changed man.

7

But the record shows that Jones is a five time convicted drug dealer who has received considerable sentencing leniency on past convictions, but has returned to drug dealing when released from prison on each occasion. He clearly presents a high risk of recidivism and a consequent risk of danger to the community. Decisional law long ago settled that drug dealing presents great risks of danger to the community from the product itself and from activities and conduct involved in selling the product.

Jones, it is true, has taken educational courses and has done well in prison. However, those efforts at rehabilitation do not overcome the offense conduct and Jones' serious criminal history which teach that, efforts at rehabilitation notwithstanding, the sentence, as imposed, is necessary to protect the public, promote respect for the law, and deter Jones who has never benefitted from previous leniency, and, indeed, has always returned quickly to his dangerous trade. In sum, the assessment of the 18 U.S.C. § 3553 sentencing factors counsel against reducing Jones' sentence.

## CONCLUSION

For the reasons set forth above, the defendant's *pro se* Second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 117) and the MOTION FOR COMPASSIONATE

RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 122) will be denied.

It is so ORDERED.

                                              /s/      *REP*
                                   Robert E. Payne
                                   Senior United States District Judge

Richmond, Virginia
Date: July 20, 2021